USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 19, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
RAJAGOPALA SAMPATH RAGHAVENDRA, :
also known as Randy S.           :
Raghavendra             Plaintiff, :     06 Civ. 6841   (PAC) (HBP)
                                 :
         - against -             :
                                 :
THE TRUSTEES OF COLUMBIA         :
UNIVERSITY, et. al.,,            :
                                 :
                  Defendants.    :
------------------------------------x
------------------------------------x
RAJAGOPALA SAMPATH RAGHAVENDRA,  :
Founder, Racial Equality         :
Struggles for Columbia University :
Employees (Rescue) Ad Hoc        :
Committee, also known as Randy S. :
Raghavendra                      :
                   Plaintiff,    :     . 08 Civ. 8120   (PAC) (HBP)
                                 :
         - against -             :
                                 :
NATIONAL LABOR RELATIONS BOARD,  :
et. al.,                         :
                                 :
                  Defendants.    :
------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
RAJAGOPALA SAMPATH RAGHAVENDRA,  :
also known as Randy S.           :
Raghavendra                      :
                                 :
                   Plaintiff,    :     09 Civ. 0019   (PAC) (HBP)
                                 :
         - against -             :     ORDER
                                 :
THE TRUSTEES OF COLUMBIA         :
UNIVERSITY, et. al.,,            :
                                 :
                                 :
                  Defendants.    :
------------------------------------x

1

HONORABLE PAUL A. CROTTY, United States District Judge:

The facts underlying the above-referenced cases are set forth in detail in this Court's order, Raghavendra v. Trustees of Columbia Univ., 2008 WL 2696226 (S.D.N.Y. July 7, 2008), and in Magistrate Judge Henry Pitman's Report and Recommendation dated August 27, 2009 (Dkt. # 57 in 08 Civ. 8120).

Briefly stated, plaintiff Rajagopala S. Raghavendra ("Raghavendra") alleges that the Trustees of Columbia University in the City of New York ("Columbia") violated his civil rights and retaliated against him when he complained about it. The alleged conduct commenced in 2001, leading up to his claimed wrongful termination in 2005. Litigation commenced in 2006 and has dragged on since then, resulting on occasion in other lawsuits initiated by Raghavendra against different defendants on various theories of liability.

On July 30, 2009, at the conclusion of an all day mediation session which involved Raghavendra, his attorney, and Columbia, plus their counsel, as well as a mediator, Raghavendra signed a document entitled, "Terms of Settlement between Rajagopala S. Raghavendra ("Raghavendra") and the Trustees of Columbia University in the City of New York ("Columbia")" (the "Settlement Agreement").[1] The Settlement Agreement provides for the withdrawal of all of Raghavendra's claims, in return for the payment of a very substantial dollar settlement award, and it also addresses how employment references will be handled in the future. The Settlement Agreement states: "The terms set forth above are final and binding upon the parties." Almost immediately after signing the Settlement Agreement, Raghavendra filed a flurry of motions seeking to disavow the Settlement Agreement and objecting to any payment of legal fees.

Pursuant to a previous referral, these motions are before Magistrate Judge Henry Pitman, who issued a Report and Recommendation (the "R&R"), dated November 19, 2009 (Dkt. #40 in 09

---

[1] This document, a term sheet embodying the key terms of the Settlement Agreement, is attached as Exhibit A to the Affidavit of Edward A. Brill, dated Oct. 20, 2009 (Dkt. # 123 in 06 Civ. 6841).

Civ. 0019). The R&R recommended: (i) upholding the Settlement Agreement, and (ii) dismissing with prejudice all three above-referenced cases (Id.). Raghavendra filed timely objections to the R&R (Dkt. #131 in 06 Civ. 6841; Dkt. # 69 in 08 Civ. 8120; Dkt. #46 in 09 Civ. 0019). On February 8, 2010, Columbia filed a response to Raghavendra's objections (Dkt. #48 in 09 Civ. 0019; Dkt. #140 in 06 Civ. 6841).

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection is made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

## A. Raghavendra's Objections to the R&R

Raghavendra objects to the R&R, arguing that the Court should not uphold the Settlement Agreement because it is voidable for fraud, duress, and illegality.[2] The Settlement Agreement was reached with the aid of a mediator, and Raghavendra claims that Columbia, the mediator, and the Law Offices of Louis D. Stober, Jr., LLC ("Stober"), Raghavendra's counsel in the 06 Civ. 6841 action ("06 Action"), colluded and fraudulently induced and coerced him to enter the Settlement Agreement (Dkt. #133 in 06 Civ. 6841).

As Magistrate Judge Pitman noted, it is undisputed that: (i) Stober represented Raghavendra at the mediation session preceding the execution of the Settlement Agreement; (ii) Stober told Raghavendra that he would be under no obligation to accept any settlement during the mediation

---

[2] Prior to filing his objections to the R&R, on December 28, 2009, Raghavendra filed a motion to compel his law firm to oppose the R&R (Dkt. #130 in 06 Civ. 6841). The Court has reviewed Raghavendra's motion – high on rhetoric and low on substance – and finds it meritless. Additionally, Raghavendra mooted the portions of his compel motion relating to Stober filing objections to the R&R by subsequently filing pro se objections.

3

sessions; (iii) the parties were in separate rooms while negotiating the terms of the Settlement Agreement; and (iv) both Stober and Raghavendra signed the Settlement Agreement (Dkt. #40 in 09 Civ. 0019, at 3-4).

The Court has reviewed Raghavendra's objections to the R&R and has accorded them the leniency appropriate for a pro se plaintiff. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court has also considered Raghavendra's oral arguments on February 17, 2010. Raghavendra's objections to the R&R lack substance and merely repeat the arguments he submitted to Magistrate Judge Pitman, who thoroughly reviewed, considered, and rejected them. The Court's de novo review of the contested portions of the R&R confirms Magistrate Judge Pitman's findings.

Raghavendra claims that the Settlement Agreement is voidable for fraud because he was fraudulently induced to attend the mediation session and sign the Settlement Agreement. Yet, as Magistrate Judge Pitman found, Raghavendra's allegations are conclusory and do not contain the requisite specificity to establish a prima facia fraud case (Dkt. #40 in 09 Civ. 0019, at 10-11). Raghavendra further claims that he was "browbeaten" into signing the Settlement Agreement. As Magistrate Judge Pitman found, however: (i) the "coercive" statements that Raghavendra alleges do not constitute unlawful threats; (ii) no party denied Raghavendra the opportunity to discontinue the negotiations; and (iii) the terms of the Settlement Agreement demonstrate that it was the product of an arms-length negotiation (Id. at 11-17). Finally, Raghavendra claims that the Settlement Agreement is void for illegality. As Magistrate Judge Pitman found, however, Raghavendra provides no basis for this claim and fails to identify any specific provision of the Settlement Agreement that is illegal (Id. at 18-19).[3]

---

[3] Raghavendra further claims that Magistrate Judge Pitman applied incorrect legal standards in issuing his R&R, stating that Magistrate Judge Pitman used "extremely strict standards" and "totally irrelevant standards" in evaluating his arguments (Obj. at 14-15). This argument is likewise meritless; Magistrate Judge Pitman employed proper and relevant legal standards throughout his R&R.

4

Accordingly, the Court adopts the R&R in its entirety. The Settlement Agreement will not be set aside. It is final and binding. Since the Settlement Agreement is final, the three above-referenced cases (06 Civ. 6841; 08 Civ. 8120; 09 Civ. 0019) which were covered by the Settlement Agreement are dismissed with prejudice and without costs. The Clerk of the Court is directed to close all pending motions in these three cases as moot.

### B. Raghavendra's Fee Dispute with Stober

Collateral to the underlying litigation is an ongoing fee dispute ("Fee Dispute") between Raghavendra and Stober. On August 26, 2009, Stober filed a motion requesting that the Court: (i) strike certain of Raghavendra's motion papers; (ii) retain ancillary jurisdiction over the Fee Dispute; (iii) order that the defendants in the 06 Action place any proceeds or monies owing to Raghavendra in the Court's escrow account until the Fee Dispute's resolution (Dkt. #109 in 06 Civ. 6841). On September 24, 2009, Stober filed a motion to strike Raghavendra's derogatory remarks from the Court's docket and to enjoin Raghavendra from further filing derogatory remarks against him (Dkt. #117 in 06 Civ. 6841). On January 11, 2010, following issuance of the R&R, Stober renewed his August 26, 2009 motion and requested that the Court award Stober attorneys' fees based on his retainer agreement with Raghavendra (Dkt. #131 in 06 Civ. 6841). On January 18, 2010, Stober filed a cross-motion for fees, renewing his January 11, 2010 request (Dkt. #134 in 06 Civ. 6841). The Court has reviewed Stober's requests and makes the following findings:

### i. Motion to Strike

Fed. R. Civ. P. 12(f) allows the Court to strike immaterial or impertinent matter. The Court finds that Raghavendra's submissions are replete with ad hominem remarks and irrelevant materials. The Court directs the Clerk of court to strike the following documents from the Court's docket:

In the 06 Civ. 6841 action: Docket #'s: 107-08; 114-15; 121; 124; 127; 130-34

In the 08 Civ. 8120 action: Docket #'s: 61; 68-69

In the 09 Civ. 0019 action: Docket #'s: 45-46

The Court further orders Raghavendra to cease filing papers containing immaterial and inappropriate statements and ad hominem remarks about Stober.

### ii. Fee Dispute Litigation

Raghavendra and Stober entered into a Retainer agreement (the "Retainer") on July 10, 2007 (Ex. A to Stober Declaration in Dkt. # 134 in 06 Civ. 6841). The Retainer was prepared by Stober and calls for a non-refundable up front fee "plus one third (33.33%) of all monies received" (Id.). The first page of the Retainer is initialed by Raghavendra, and the final page is signed by Raghavendra under a bolded caption reading: "ACCEPTED AND AGREED TO."

The Court will exercise supplemental jurisdiction over the Fee Dispute. This matter has proceeded for so long, with so many different variations, that it would be fundamentally unfair to extend it further by not closing it finally, once and for all. Since the different lawsuits were initiated by Raghavendra, it would also be unconscionable to allow him a new and separate forum to vent again in a now familiar manner. Accordingly, the Court will retain supplemental jurisdiction and will decide the Fee Dispute.

### iii. Settlement Funds

On July 30, 2009, two years after the Retainer was signed, Raghavendra executed the Settlement Agreement, settling his claims against the defendants. On August 12, 2009, Raghavendra moved to discharge Stober (Dkt. #108 in 06).

Under New York law, a client may discharge an attorney at any time, with or without cause. Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz P.C., 370 F.3d 259, 263 (2d Cir. 2004). But if Raghavendra discharged Stober without cause, Stober has three non-exclusive

6

remedies to recover the value of its legal services: (i) a retaining lien giving Stober the right to keep, with certain exceptions, all of the papers documents, and other personal property of Raghavendra that relate to the 06 action and that came into Stober's possession in Stober's professional capacity as Raghavendra's attorney; (ii) a charging lien on the proceeds of the Settlement under New York Judiciary Law § 475; and (iii) a plenary action in quantum meruit for the reasonable value of Stober's services in representing Raghavendra before discharge. Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York, 754 N.Y.S.2d 220, 223-24 (N.Y. App. Div. 1st Dept. 2002).

Stober, moreover, has a valid and enforceable Retainer with Raghavendra. The Retainer sets the agreed-upon fee at "one-third (33.33%) of all monies received." By the time of his discharge, Stober had worked for two years, and his work had produced a substantial, almost inconceivable, monetary benefit for Raghavendra. Stober is entitled to his contingency fee under the Retainer. Universal Acupuncture, 370 F.3d at 263.

Raghavendra's allegations concerning Stober are baseless. Stober represented Raghavendra diligently throughout the two-year litigation. Raghavendra insists that the monies from the Settlement Agreement be given only to him, and it is clear that he has no intention of paying the legal fees which are due under the Retainer (See Hatami Decl. ¶ 26). Accordingly, the Court awards Stober the full amount of his contingency fee under the Retainer.

## CONCLUSION

The Court ADOPTS Magistrate Judge Pitman's R&R in its entirety and upholds the Settlement Agreement. The Court GRANTS Stober's motion to strike immaterial or impertinent matter on its docket and directs the Clerk of Court to strike the following documents:

7

In the 06 Civ. 6841 action: Docket #'s: 107-08; 114-15; 121; 124; 127; 130-34

In the 08 Civ. 8120 action: Docket #'s: 61; 68-69

In the 09 Civ. 0019 action: Docket #'s: 45-46

The Court further ORDERS Raghavendra to cease filing papers containing immaterial and inappropriate statements and <u>ad</u> <u>hominem</u> remarks about Stober. Further, the Court exercises its supplemental jurisdiction over the Fee Dispute and finds that the Retainer is valid and enforceable. Finally, the Court finds that Stober has earned an award equal to 1/3 (33.33%) of the monies which Columbia agreed to pay to settle the dispute. Pursuant to the Settlement Agreement, Raghavendra must tender to Columbia properly executed "documents that are necessary to accomplish withdrawal" of all claims; he must tender to Columbia release of all claims against all defendants in all actions and the EEOC Charge; and he must tender any and all documents reasonably demanded by defendant Columbia and end this matter. Upon presentation of such documents, Columbia must pay the settlement amount, as stated in the July 30, 2009 Settlement Agreement, "less applicable taxes and withholding as wages". Such payment should be made to Louis D. Stober, Jr. as attorney, who may deduct the fee specified in the Retainer and remit the balance to Raghavendra. The Clerk of the Court is directed to close as moot all pending motions in the three above-referenced cases (06 Civ. 6841; 08 Civ. 8120; 09 Civ. 0019).

Dated: New York, New York
       February 19, 2010

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies transmitted to:

Louis D. Stober, Esq.
Suite 205
350 Old Country Road
Garden City, New York, 11530

Mr. Rajagopala Sampath Raghavendra
P.O. Box 7066
Hicksville, New York, 11802-7066

Edward A. Brill, Esq.
Proskauer Rose LLP
1585 Broadway
39th Floor
60 East 42nd Street
New York, New York 10165

Tara M. LaMorte, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York 10007